**Hearing Date: January 8, 2013**
                           **Time: 10:00 a.m.**

CULLEN AND DYKMAN, LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Bonnie L. Pollack, Esq.
Matthew G. Roseman, Esq.

Attorneys for Ridgewood Savings Bank

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:                  Chapter 11
                     Case No.12-13852-alg
MAXWELL S. PFEIFER and
MYRNA J. PFEIFER,

           Debtors.
-----------------------------------------------------------X

## NOTICE OF MOTION

  PLEASE TAKE NOTICE that on January 8, 2013 at 10:00 a.m., Ridgewood Savings Bank ("Ridgewood"), by and through its attorneys Cullen and Dykman LLP, will move (the "Motion") before the Honorable Alan L Gropper, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, located at Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, or as soon thereafter as counsel can be heard, for an Order granting Ridgewood relief from the automatic stay or, in the alternative, granting Ridgewood adequate protection.

  PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court electronically in

accordance with General Order M-182 which can be found http://www.nysb.uscourts.gov, the official website of the Bankruptcy Court, by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served in accordance with General Order M-182 upon (i) Cullen and Dykman LLP, 100 Quentin Roosevelt Blvd, Garden City, New York 11530, attention: Bonnie L. Pollack, Esq. and (ii) the Office of the United States Trustee, 33 Whitehall Street, 21st Street, New York, New York 10004, in order that they be received no later than January 1, 2013 at 4:00 p.m.

Dated: Garden City, New York
December 6, 2012

                              CULLEN AND DYKMAN LLP
                              Attorneys for Ridgewood Savings Bank

                By:    s/Bonnie L. Pollack
                        Matthew G. Roseman
                        Bonnie L. Pollack
                        100 Quentin Roosevelt Boulevard
                        Garden City, New York 11530
                        (516) 357-3700

CULLEN AND DYKMAN, LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Bonnie L. Pollack, Esq.

Attorneys for Ridgewood Savings Bank

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:                                        Chapter 11
                                              Case No.12-13852-alg
MAXWELL S. PFEIFER and
MYRNA J. PFEIFER,
                    Debtors.
-----------------------------------------------------------X

## MOTION BY RIDGEWOOD SAVINGS BANK FOR RELIEF FROM THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION

To the Honorable Alan L. Gropper, United States Bankruptcy Judge:

Ridgewood Savings Bank ("Ridgewood"), by and through its attorneys Cullen and Dykman LLP, as and for its motion for relief from the automatic stay or, in the alternative, for adequate protection, respectfully alleges as follows:

### INTRODUCTION

1. On September 9, 2012 (the "Petition Date"), Maxwell S. Pfeifer (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York, jointly with his wife Myrna J. Pfeifer.

2. No trustee, examiner or creditor's committee has been formed or appointed in the Debtor's case, and the Debtor remains in possession of his property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core matter pursuant to 28 U.S.C. §§ 157(b) (2)(A), (G) and (O).

## BACKGROUND

4.  The Debtor is the owner of 400 shares (the "Shares") of Highpoint-On-Hudson Owners, Inc. ("Highpoint"), which owns the cooperative apartment building located at 2727 Palisade Avenue, Bronx, New York 10463. The Debtor is the lessee of apartment 8J at cooperative apartment building (the "Apartment") by virtue of a proprietary lease made by Highpoint dated February 2, 1982 (the "Proprietary Lease"). A copy of the Proprietary Lease and the Debtor's certificate of ownership of the Shares are annexed hereto as Exhibits "A" and "B", respectively.

5.  On August 27, 2004, Ridgewood made a loan to the Debtor in the original principal amount of $337,500.00, repayment of which is secured by the Debtor's interest in the Shares and the Proprietary Lease. A copy of the note executed by the Debtor in favor of Ridgewood and the Loan and Security Agreement executed in connection with this loan are annexed hereto as Exhibits "C" and "D", respectively. The Proprietary Lease was collectively assigned by the Debtor to Ridgewood as set forth in the Assignment annexed hereto as Exhibit "E". A copy of the UCC-1 Financing Statement perfecting Ridgewood's security interest in the Shares and Proprietary Lease (collectively the "Collateral") is annexed hereto as Exhibit "F". [1]

6.  Pursuant to the foregoing documents (the "Loan Documents"), the Debtor is required to make monthly payments of principal and interest to Ridgewood in the amount $2,735.32.

---

[1] In accordance with common New York practice in connection with cooperative apartments, the UCC was filed prior to the closing of the transaction.

2

7.   The Debtor has not made any payments to Ridgewood under the Loan Documents for the months of September, October, November or December 2012. As of the Petition Date, the Debtor owed $211,819.75 to Ridgewood under the Loan Documents.

8.   For the reasons set forth herein, Ridgewood submits that grounds exists to vacate the automatic stay to permit it to pursue its state law rights and remedies under the Loan Documents. Alternatively, Ridgewood should be granted adequate protection of its security interest in the Shares and the Proprietary Lease (collectively, the "Collateral") in addition to the monthly payments to which it is entitled.

**RIDGEWOOD IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY**

9.   Section 362 of the Bankruptcy Code provides for a broad stay of acts to collect debts against the debtor or to affect property of the estate. Section 362(d)(1), however, requires the Court to grant relief from the stay in certain circumstances, which are present here. Under Section 362(d)(1) of the Bankruptcy Code, relief from the stay should be granted upon a showing of "cause" for such relief. "Cause" is not defined in the Bankruptcy Code but is determined on a case by case basis. Pursiful v. Eakin, 814 F.2d 1501, 1506 (10th Cir. 1987); In re South Oakes Furniture, Inc., 167 B.R. 307, 308 (Bankr. M.D. Ga. 1994); In re M.J. & K Co., Inc., 161 B.R. 586, 590 (Bankr. S.D.N.Y. 1993). In determining whether to modify the stay, the court must "'consider the particular circumstances of the case and ascertain what is just to the claimants, the debtor, and the estate.'" M.J. & K, 161 B.R. at 590, quoting In re Mego Int'l, Inc., 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983). Thus, "cause" is a broad and flexible concept. M.J. & K, 161 B.R. at 590.

10. Although the grant or the denial of relief from the stay is a matter traditionally viewed as being within the discretion of the Bankruptcy Court, the Court must grant relief from the stay if the collateral is not adequately protected. See In re Woodfield Furniture Clearance Center of Suffolk, Inc., 102 B.R. 327 (Bankr. E.D.N.Y. 1989); In re Diplomat Electronics Corp., 82 B.R. 688, 692 (Bankr. S.D.N.Y. 1988) ("[I]f the court finds that …the secured creditor lacks adequate protection …the court must lift the stay."). Moreover, a debtor's failure to make payments due under a mortgage post-petition despite continued use and occupancy of property constitutes cause for relief from the automatic stay pursuant to Section 362 of the Bankruptcy Code. In re Elmira Litho, 174 B.R. 892, 903 (Bankr. S.D.N.Y 1994) (prima facie case established by demonstrating debtor has completely failed or substantially failed to make post-petition payments).

11. Here, exists cause to vacate the automatic stay. First and foremost, the Debtor has failed to make any post-petition payments to Ridgewood under the Loan Documents at all by failing to make payments for the months of October, November and December 2012. It is anticipated that the Debtor will likewise fail to make payments to Ridgewood for the month of January 2013. Upon information and belief, the Debtor has also not made the post-petition monthly maintenance payments in connection with the Apartment. Failure to make such payments prejudices Ridgewood as unpaid maintenance charges constitutes a lien senior to Ridgewood against the Apartment.

12. In addition, the Debtor acknowledges that he has no ability to make payments to Ridgewood. In his local 1007-2 Affidavit, at paragraph 2 thereof, the Debtor states "I cannot pay my obligations as they become due." At paragraph 11 thereof, he states "I intend to discontinue and wind down my law practice and file a liquidating plan.

Debtor, Myrna Pfeifer is retired and conducts no business." Not only does the Debtor acknowledge that he has no ability to pay his obligations, but the Debtor's bankruptcy schedules supports this conclusion. As set forth on Schedules I and J, the Debtor and his wife maintain a cash flow <u>deficit</u> of $9,612.00 per month. It should be noted that this is based on a combined average monthly income of $10,345.00 as noted in Schedule I. However, on the Debtor's chapter 11 statement of current monthly income, their combined income is stated to amount to $6,901.00 per month. Based upon that income amount, the Debtors would be operating at a monthly deficit of $13,056.00 per month.

13.    Given the Debtor's lack of ability to make payments to his creditors, including Ridgewood, on a current basis, and given the failure to make post-petition payments to Ridgewood and, upon information and belief, to pay the maintenance for the Apartment, Ridgewood is not adequately protected. Cause therefore exists to vacate the automatic stay to permit Ridgewood to pursue its state laws rights and remedies under the Loan Documents.

### ALTERNATIVELY, RIDGEWOOD SHOULD BE GRANTED ADEQUATE PROTECTION

14.    If the Court is not inclined to grant relief from the automatic stay, Ridgewood is entitled to adequate protection of its security interest in the Collateral. Ridgewood submits that at a minimum the Debtor should be required to immediately pay all post-petition payments due to Ridgewood and to make all monthly payments to Ridgewood under the Loan Documents going forward, as well as to make payments of all post-petition monthly maintenance charges in connection with the Apartment.

## CONCLUSION

15. As discussed above, Ridgewood believes that the facts of this case establish cause to vacate the automatic stay to permit Ridgewood to pursue its rights and remedies under the Loan Documents. Alternatively, if the Court is not inclined to vacate the stay, Ridgewood is entitled to adequate protection of its liens against the Collateral.

16. Annexed hereto is Exhibit "G" is Relief From Stay Worksheet and Declaration executed by Vito DiBona on behalf of Ridgewood. Annexed hereto as Exhibit "H" is the Rule 55 Affidavit for Individual Debtors.

17. Since the hearing on this motion may be more than thirty (30) days from the date of service, Ridgewood agrees to waive the 30 day period set forth in Section 362(e) of the Bankruptcy Code.

18. No prior request for the relief sought herein has been made to this or any other Court.

WHEREFORE, Ridgewood respectfully requests that the Court grant the relief sought herein, together with such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
December 6, 2012

                                    CULLEN AND DYKMAN LLP
                                    Attorneys for Ridgewood Savings Bank

                            By:    s/Bonnie L. Pollack
                                    Matthew G. Roseman
                                    Bonnie L. Pollack
                                    100 Quentin Roosevelt Boulevard
                                    Garden City, New York 11530
                                    (516) 357-3700