

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
One Bowling Green
New York, NY 10004

**ALLAN L. GROPPER
U.S. BANKRUPTCY JUDGE**

February 22, 2013

Richard C. Morrissey, Esq.
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004

Howard P. Magaliff, Esq.
Rich Michaelson Magaliff Moser, LLP
340 Madison Avenue, 19th Floor
New York, New York 10173

      Re:     Maxwell and Myrna Pfeifer, Case No. 12-13852 (ALG)

Dear Mr. Morrissey and Mr. Magaliff,

      The Court received a letter from a creditor in the case of Maxwell and Myrna Pfeifer, case number 12-13852; a copy of the letter is attached. The letter relates to the appointment of a creditors' committee in the case. The Court will deem the letter to be a motion to require the appointment of a creditors' committee and will set the matter down for hearing on March 21, 2013 at 10 a.m. Any opposition to the motion must be filed and served by March 14, 2013.

      Debtors' counsel is directed to mail a copy of this letter and the attachment requesting the appointment of a committee to all creditors by next Tuesday, February 26, 2013.

      Sincerely,

      */s/ Jaime Leggett*
      Law Clerk

cc:     Kathleen Stricks

99 Farragut Avenue
Hastings on Hudson, NY 10706
February 20, 2013
ksstricks@aol.com

Honorable Allan L. Gropper
United States Bankruptcy Court
Southern District of New York
One Bowling Green – Room 517
New York, NY 10004

Honorable Allan L. Gropper
Your Honor:

    My family is one of many creditors in the bankruptcy case of Maxwell Pfeifer (12-13852). We have taken multiple steps in an effort to recover over $43,000 from him, before he declared bankruptcy, including a formal complaint of criminal conduct with New York State Attorney General Schneiderman, Bronx District Attorney Johnson, and formal mediation agreement after which Mr. Pfeifer signed a confession of judgment dated June 28, 2012.  At a preliminary bankruptcy hearing on October 19, 2012, I discovered the extent of Mr. Pfeifer's debt, and that he had signed promissory notes and the confession of judgment in bad faith, since he claimed at the hearing that he had no resources to repay any funds.

    At your suggestion after the bankruptcy hearing on November 27, 2012, I attempted to form a Creditors Committee by contacting two of my husband's relatives, also creditors, to return the "Questionnaire for Official Committee of Unsecured Creditors" to Mr. Richard Morrissey. At the next bankruptcy hearing on January 8, 2013, Mr. Khodorovsky said that the creditors committee was "not viable." When I objected, Mr. Morrissey called me to say that three creditors were required to form a committee, none related to the other. I then mailed a letter to 29 creditors of Mr. Pfeifer, asking if they would be willing to join a Creditors Committee. Eleven attempted to do so.  As of today, February 20, 2013, I have not been notified of any recognition or validation of the Creditors Committee in the bankruptcy case involving Maxwell Pfeifer.

    I have altered my work and family schedules to attend the bankruptcy hearings. Twice, on December 17, 2012 and again last week on Thursday, February 14, 2013, hearings were cancelled; I went to court in vain because I had not received any notification. Since the Creditors Committee has not been recognized by the court, we have no standing or right to claim participation in this process that affects us profoundly.  As a result of a phone conversation with your law clerk the previous week when he confirmed that the hearing indeed was scheduled for 2/14/13 at 2:30 pm, I sent a registered letter dated January 29, 2013 to the Court Clerk stating my concerns that the creditors had been excluded from all court proceedings, and seeking a resolution to this problem.  On February 14th, when I went to your office to express my concerns, the law clerk took my copy of that letter, told me to write another letter, and gave me some phone and fax numbers, dreadfully fearing that if he spoke to me, I might construe his words as legal advice.

1

We unsecured creditors represent a substantial claim in the proceedings against Maxwell Pfeifer. Our losses are personal and financially devastating in many cases. We are not large companies or institutions but individuals whom Mr. Pfeifer deceived with fraudulent claims that he needed money to pay his clients until the "big insurance companies" paid out on cases that he had won against them. We seek immediate formal recognition so that our concerns become part of any decision and action taken in this case. Again, I am not an attorney and have no legal status whatsoever. I want to pursue any and all means at my disposal to receive fair treatment for my family and other creditors.

Thank you so much for your time and attention.

Sincerely,

Kathleen Stricks