RICH MICHAELSON MAGALIFF MOSER, LLP
340 Madison Avenue, 19th Floor
New York, NY 10173
212.220.9402
Howard P. Magaliff

*Proposed Counsel for the Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                          :
                                                :    Chapter 11
MAXWELL S. PFEIFER and                          :    Case No. 12-13852 (ALG)
MYRNA J. PFEIFER,                               :
                                                :
                                                :
                Debtors.                        :
------------------------------------------------------------x

**DEBTORS' APPLICATION FOR ORDER (i) AUTHORIZING THE RETENTION
AND SUBSTITUTION OF RICH MICHAELSON MAGALIFF MOSER, LLP AS
COUNSEL FOR THE DEBTORS, EFFECTIVE AS OF FEBRUARY 13, 2013**

TO THE HON. ALLAN L. GROPPER,
UNITED STATES BANKRUPTCY JUDGE:

    Maxwell S. Pfeifer and Myrna J. Pfeifer (collectively, the "Debtors") respectfully submit this application for an order authorizing the retention and substitution of Rich Michaelson Magaliff Moser, LLP ("R3M") as their general bankruptcy counsel, effective as of February 13, 2013, in place and stead of DiConza Traurig Magaliff LLP (the "DTM Firm"). In support of this Application, the Debtors state:

**Background**

    1.  On September 9, 2012 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") with this Court. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

{00003523v3 }

2. On February 28, 2013, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") consisting of three members.

3. By Order dated February 6, 2013 [ECF doc. # 70], the DTM Firm was retained as counsel to the Debtors upon the withdrawal of Leslie N. Reizes, Esq. of Reizes Law Firm, Chartered in Boynton Beach, Florida. The February 6 Order authorized the Debtors to pay a post-petition retainer of $50,000 to the DTM Firm, with any compensation to be paid subject to further order of the Bankruptcy Court.

4. Effective February 13, 2013, Howard P. Magaliff, the attorney primarily responsible for representing the Debtors, joined the firm of Rich Michaelson Magaliff Moser, LLP. The Debtors were aware that Mr. Magaliff would be joining a new firm and understood that the new firm would be substituted for the DTM Firm subject to Court approval.

5. The Debtors request that the Court approve the retention of R3M and authorize the DTM Firm to transfer a portion of the post-petition retained in the amount of $37,469.08 to R3M. The DTM Firm shall continue to hold $12,530.92 for payment of is fees and expenses upon a final application to the Court.[1]

### Relief Requested

6. The Debtors request the entry of an order, in the form attached as Exhibit 2, authorizing them to retain R3M and to have a portion of the retainer held by the DTM Firm transferred, pursuant to sections 327(a), 328(a) and 363(b) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

---

[1] The DTM Firm has incurred fees of $12,352.50 and expenses of $178.42 during the period January 1 through February 8, 2013 representing the Debtors. Upon approval of R3M as substitute counsel, the DTM Firm will file a final fee application for its limited period of service.

{00003523v3 }                               2

A. **Services Required**

7. R3M has agreed to be retained as counsel for the Debtors to perform all necessary and required series, including to:

(a) Respond to the various motions that have been filed, and negotiate with representatives of the moving creditors about adequate protection stipulations if appropriate;

(b) Prepare for and conduct the evidentiary hearing on E.R.'s motion for relief from the automatic stay;

(c) Represent Maxwell Pfeifer in the PSF Adversary Proceeding;[2]

(d) Defend the Debtors at Bankruptcy Rule 2004 examinations;

(e) Advise and assist the Debtors with the preparation and filing of monthly operating reports;

(f) Take necessary action to protect and preserve the Debtors' estates;

(g) Advise the Debtors of their rights, powers, and duties as debtors in possession under chapter 11 of the Bankruptcy Code;

(h) Prepare on behalf of the Debtors, motions, applications, amendments to schedules, answers, orders, reports and papers necessary to the administration of the estate;

(i) Advise the Debtors in reviewing, estimating, and resolving claims asserted against the estates;

(j) Advise the Debtors about the possible sale of certain of their properties;

(k) Prepare and file a chapter 11 plan and disclosure statement;

(l) Appear before this Court and any appellate courts to protect the interests of the Debtors and their estates; and

(m) Perform other necessary legal services and provide other necessary legal advice to the Debtors in connection with their chapter 11 cases.

---

[2] Capitalized terms not defined in this Application have the same meanings as in the application to retain the DTM Firm [ECF doc. # 62].

{00003523v3}  3

### B.     Qualifications of R3M

8.      R3M specializes in the practice of corporate and commercial law, bankruptcy and corporate restructuring, including bankruptcy and general commercial litigation, and insolvency law. The members of DTM have represented chapter 11 debtors, committees and trustees in numerous cases, including *In re Finlay Enterprises, Inc., et al.*, Case No. 09-14873 (JMP); *In re Motors Liquidation Company, f/k/a General Motors Corp., et al.*, Case No. 09-50026 (REG); *In re Old Carco LLC (f/k/a Chrysler LLC), et al.*, Case No. 09-50002 (AJG); *In re Tronox Inc., et al.*, Case No. 09-10156 (ALG); *In re Thelen LLP*, Case No. 09-15632 (ALG); *In re Frontier Airlines Holdings, Inc. et al.*, Case No. 08-11298 (RDD); *In re Diet Channel Network, Inc.*, Case No. 08-10396 (MG); *In re Broad Street Advisors, LLC*, Case No. 08-14910 (BRL); *In re Fortunoff Fine Jewelry and Silverware, LLC*, Case No. 08-10353 (JMP); *In re SKM Gourmet Products, Ltd.*, Case No. 07-10566 (REG); *In re Delphi Corp., et al.*, Case No. 05-44481 (RDD); *In re Enron Corp., et al.*, Case No. 01-16034 (AJG); *In re Saint Vincents Catholic Medical Centers of New York d/b/a Saint Vincent Catholic Medical Centers, et al.*, Case No. 05-14945 (ASH); *In re Tower Automotive, Inc.*, Case No. 05-10578 (ALG); *In re SK Global America, Inc.*, Case No. 03-14625 (RDD); *In re Allegiance Telecom, Inc.*, Case No. 03-13057 (RDD); *In re NRG Energy, Inc.*, Case No. 03-13024 (PCB); *In re Guilford Mills, Inc., et al.*, Case No. 02-40667 (BRL); *In re Enron Corp., et al.*, Case No. 01-16034 (AJG); and *In re Ames Department Stores*, Case No. 01-42217 (REG).

9.      R3M is willing to act in this chapter 11 case and render the necessary professional services as attorneys for the Debtors under a general retainer. To the best of the Debtors' knowledge, the attorneys of R3M do not have any connection with or any interest adverse to the Debtors, their creditors or any other party in interest, as set forth in the Declaration of Howard P. Magaliff dated March 8, 2013 (the "<u>Magaliff Declaration</u>"), attached as <u>Exhibit 1</u>. R3M is

not a creditor of the Debtors. As such, R3M is a "disinterested person," that phrase is defined in section 101(14) of the Bankruptcy Code and as modified by section 1107(b) of the Bankruptcy Code.

10. R3M has represented to the Debtors that it has not represented and will not represent any parties other than the Debtors in their chapter 11 case or in connection with any matters that would be adverse to the Debtors arising from, or related to, their case.

11. The Debtors have been informed that R3M will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, R3M will supplement its disclosure to this Court.

C. **Transfer of Post-Petition Retainer**

12. The Court approved payment to the DTM Firm of a $50,000 post-petition retainer. The Debtors request permission to transfer $37,469.08 of the retainer from the DTM Firm to R3M, and to permit the DTM Firm to continue to hold $12,530.92 subject to further order of the Court. The Debtors understand that upon approval of an order authorizing R3M to substitute as counsel, the DTM Firm intends to make an application for final fees and reimbursement of expenses.

13. Section 328(a) of the Bankruptcy Code provides that "[t]he trustee … with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title … on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis …" 11 U.S.C. § 328(a).

**Notice**

14. The Debtors have given notice of this Application to the United States Trustee and the Committee. In light of the fact that notice of the initial retention of the DTM Firm was also given to counsel for the secured lenders and the 20 largest unsecured creditors and

no opposition was raised, the Debtors submit that such notice is sufficient under the circumstances.

**WHEREFORE**, the Debtors request the entry of the attached order, and such other and further relief as is appropriate.

Dated:   Riverdale, New York
         March 8, 2013

/s/ Maxwell S. Pfeifer
MAXWELL S. PFEIFER, Debtor

/s/ Myrna J. Pfeifer
MYRNA J. PFEIFER, Debtor

RICH MICHAELSON MAGALIFF MOSER LLP
Proposed Counsel for the Debtors
By:

/s/ Howard P. Magaliff
HOWARD P. MAGALIFF
340 Madison Avenue, 19th Floor
New York, NY 10173
212.220.9402
*hmagaliff@r3mlaw.com*

{00003523v3 }                              6

# **EXHIBIT 1**

12-13852-alg    Doc 82    Filed 03/08/13    Entered 03/08/13 14:32:01    Main Document
Pg 7 of 13

RICH MICHAELSON MAGALIFF MOSER, LLP
340 Madison Avenue, 19th Floor
New York, NY 10173
212.220.9402
Howard P. Magaliff

*Proposed Counsel for the Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                     :
                                                                           :      Chapter 11
MAXWELL S. PFEIFER and                                :      Case No. 12-13852 (ALG)
MYRNA J. PFEIFER,                                            :
                                                                           :
                    Debtors.                                        :
-----------------------------------------------------------------x

## DECLARATION OF HOWARD P. MAGALIFF

I, Howard P. Magaliff, declare pursuant to 28 U.S.C. § 1746 that the following is true to the best of my knowledge, information and belief:

1. I am a partner of Rich Michaelson Magaliff Moser, LLP ("R3M"), located at 340 Madison Avenue, 19th Floor, New York, NY. I am a member in good standing of the Bar of the State of New York and am admitted to practice in the Southern District of New York.

2. I am in all respects competent to make this Declaration in support of the application (the "Application")[1] of Maxwell S. Pfeifer and Myrna J. Pfeifer (collectively, the "Debtors") for an order authorizing the retention and substitution of R3M in place and stead of DiConza Traurig Magaliff LLP (the "DTM Firm") as their general bankruptcy counsel, effective as of February 13, 2013. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

3. To the best of my knowledge, after due inquiry, neither I, my firm, nor any partner of my firm has any connection with or any interest adverse to the Debtors, their creditors

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

{00003523v3 }

or any other party in interest. R3M, while employed by Debtors, will not represent any individual creditor in any capacity in connection with this case. I know of no reason why this firm cannot act as the Debtors' counsel in this case.

4.  Additionally, neither I, my firm, any member of my firm or any attorney who is "of counsel" to the firm, insofar as I have been able to ascertain:

    a.  is a relative of the Debtors;

    b.  is a partner in a partnership in which either of the Debtors is a general partner;

    c.  is an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code;

    d.  presently represents a creditor of the Debtors, or a person otherwise adverse or potentially adverse to the Debtors or their estate, on any matter that is related to the Debtors or their estate; or

    e.  has any other interest, direct or indirect, which may affect or be affected by the proposed representation.

5.  To the best of my knowledge and based upon the information presently available to me, R3M is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

6.  R3M has agreed to act as counsel to the Debtors on a general retainer, and to be compensated on an hourly fee basis for services rendered and be reimbursed for its actual expenses incurred in connection with its services, in accordance with sections 327(a), 328(a), 330(a) and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local

{00003523v3 }                                           2

Bankruptcy Rules and any orders of the Bankruptcy Court.  The current hourly rates of the firm are $500-$550 for partners.

       7.      Because of the circumstances of the case and the services that will be required, the Debtors agreed to pay, and the Court approved, a $50,000 retainer to the DTM Firm. The Debtors have agreed that $37,469.08 of the retainer will be transferred to R3M, and that the DTM Firm will retain $12,530.92 to be applied to that firm's final fees and expenses upon approval of the Court.

       8.      R3M Firm shall apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York  
           March 8, 2013

                                               /s/ Howard P. Magaliff  
                                               Howard P. Magaliff

# **EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                  :
                                                                            :     Chapter 11
MAXWELL S. PFEIFER and                                      :     Case No. 12-13852 (ALG)
MYRNA J. PFEIFER,                                               :
                                                                            :
                           Debtors.                                   :
------------------------------------------------------------x

**ORDER AUTHORIZING (i) THE RETENTION AND SUBSTITUTION OF RICH MICHAELSON MAGALIFF MOSER, LLP AS COUNSEL FOR THE DEBTORS, EFFECTIVE AS OF FEBRUARY 13, 2013, AND (ii) TRANSFER OF RETAINER**

Upon the application dated March 8, 2013 (the "Application") of Maxwell S. Pfeifer and Myrna J. Pfeifer (collectively, the "Debtors"), for an order authorizing the retention and substitution of Rich Michaelson Magaliff Moser, LLP ("R3M") as their general bankruptcy counsel in place and stead of DiConza Traurig Magaliff LLP (the "DTM Firm"), effective as of February 13, 2013, and to authorize transfer of a portion of the $50,000 retainer paid by the Debtors to the DTM Firm pursuant to Order dated February 6, 2013; and upon the Declaration of Howard P. Magaliff sworn to on March 8, 2013; and it appearing that sufficient notice of the Application has been given and that no further notice need be given; and the Court being satisfied that (i) the employment of R3M is necessary and in the best interest of the Debtors' estates, (ii) R3M has no interest adverse to the Debtors and their estates, and (iii) R3M is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor; it is

**ORDERED** that the Application is granted and approved to the extent provided herein; and it is further

**ORDERED** that, pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure, the Debtors are authorized to retain R3M under a

{00003523v3 }

general retainer as their attorneys in this chapter 11 case effective as of February 13, 2013; and it is further

   **ORDERED** that, pursuant to 11 U.S.C. § 363(b), the DTM Firm is directed to transfer to R3M the sum of $37,469.08 held by that firm as a retainer, to be applied to fees and expenses of R3M as approved by the Court, and that the DTM Firm shall retain the sum of $12,530.92 to be applied to fees and expenses as may be approved by the Court; and it is further

   **ORDERED** that R3M shall be compensated at its customary hourly rates in effect at the time its services are rendered, in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Bankruptcy Rules and orders of the Court, guidelines established by the Office of the United States Trustee, and other such procedures as may be established by order of this Court; and it is further

   **ORDERED**, that ten business days' notice must be provided by R3M to the Debtors, the United States Trustee and any official committee prior to any increases in the rates set forth in the Application, and such notice must be filed with the Court; and it is further

   **ORDERED** that the DTM Firm's retention as counsel for the Debtors is terminated as of February 13, 2013; and it is further

   **ORDERED**, that to the extent the Application or any other document is inconsistent with this Order, the terms of this Order shall govern.

Dated: New York, New York
    March __, 2013

                          Allan L. Gropper
                          United States Bankruptcy Judge

NO OBJECTION:
Office of the United States Trustee


By: /s/ Richard Morrissey
   Richard Morrissey
   Trial Attorney

{00003523v3 }                2